[No. 6395. Decided November 14, 1906.]

O. O. ROWLAND, *Respondent*, v. THE P. P. CARROLL LOAN
& INVESTMENT COMPANY, *Appellant*.[1]

CORPORATIONS—CONTRACTS—AUTHORITY OF OFFICER—RATIFICATION.
The evidence is sufficient to establish that a contract of employment
as engineer for a new townsite, made by the president of a corpora-
tion, was authorized or ratified by the corporation, where it appears
that the contract was made with the knowledge of a majority of the
trustees, that the company took options, purchased supplies, and
dealt with the operations in its own name, with the president in
charge in the name of the company, which received the benefits of
the contract; since such employment was within the scope of the
general management and apparent or implied authority of the presi-
dent.

Appeal from a judgment of the superior court for King
county, Morris, J., entered February 19, 1906, upon find-
ings in favor of the plaintiff, after a trial on the merits be-
fore the court without a jury, in an action on a contract of
employment. Affirmed.

*Walter B. Beals, P. P. Carroll,* and *John E. Carroll,* for
appellant.

*J. B. Alexander,* for respondent.

DUNBAR, J.—This action was brought by respondent
against appellant to recover for services as civil engineer, al-
leged to have been rendered appellant at the proposed town
of Harriman, at what is called Dofflemyer's Point, in Thurs-
ton county. Respondent claimed to have been employed by
appellant on April 1st, 1904, at the agreed salary of $300
per month, and to have continued in such employment until
August 31, 1904; and demanded judgment for $1,355. The
answer was a general denial. The case was tried by the
court, which found that the plaintiff, at the special instance

[1]Reported in 87 Pac. 482.

and request of the defendant, acting through its duly authorized president, P. P. Carroll, agreed to enter the employ of the defendant company as civil engineer, and the engineer to be placed in charge of the works and operations of the said company then, and to be subsequently, conducted at the proposed town of Harriman; that it was then and there agreed between the plaintiff and the defendant company that the plaintiff should be paid a salary by the defendant of $300 per month, that the plaintiff entered upon such employment and performed services for three months; that, by reason of such contract and rendering of service, there became due from the defendant to the plaintiff the sum of $900; that no part thereof had been paid except the sum of $145; that the sum of $755 is due from the defendant to the plaintiff; and concludes, as a matter of law, that the plaintiff was entitled to judgment against the P. P. Carroll Loan & Investment Company, a corporation, for the sum of $755 with costs and disbursements, and judgment was entered accordingly. From this judgment this appeal was prosecuted.

Defendant excepted to the findings of fact and conclusions of law made by the court.

Appellant, in its testimony, denies that respondent or any other person was ever employed by it. It admits that a town was to be built at Harriman, but claims that P. P. Carroll as an individual, and not the appellant corporation, was carrying on the work there, and that respondent, if he was employed at all, was employed by said Carroll. The P. P. Carroll Loan & Investment Company was incorporated under the laws of the state of Washington on July 30, 1903. The following were the officers elected: Trustees, P. P. Carroll, S. J. T. Carroll, F. M. Carroll, J. E. Carroll, O. G. Carroll; President, P. P. Carroll; vice-president, F. M. Carroll; treasurer, O. G. Carroll; secretary, John E. Carroll.

The main contention of the appellant is that the respondent does not show any authority in P. P. Carroll to employ him for the appellant corporation. But the record discloses

that the appellant company maintained its office at the same place that P. P. Carroll maintained his office; that P. P. Carroll used the letter heads of the company in his correspondence with respondent; that contracts were entered into in the name of the company with the knowledge and acquiescence of at least three of the five trustees; that the other two trustees did not testify at the trial: that John E. Carroll, secretary of the company, and son of P. P. Carroll, president of the company, prepared a price list of the lots platted in the town of Harriman; that the appellant company dealt with the state of Washington with reference to the purchase of tide lands at the place of operation; that it took options on the land in its own name; and that the president and the respondent contracted for, and purchased supplies for the enterprise at Dofflemyer's Point, with the knowledge of the president and secretary of the company. The record does not show that these particular acts were authorized at any formal meeting of the board of trustees, but it does show that, by its action and acquiescence, it clothed its officer, the president, with authority to act for it, and if a corporation intentionally or negligently clothes its officer or agent with authority to act for it in a particular matter it will be estopped to deny its authority as against persons dealing with him in good faith.    3 Clark & Marshall, Private Corporations, § 697. The record shows conclusively, by the whole course of conduct of the appellant company and its officers, that at least a majority of the board were aware that P. P. Carroll was in charge of such an enterprise in the name of the appellant company, and that they consented to and acquiesced in his contracts and management, and received the benefit of the contract of employment sued upon in this case.    The record convinces us that the corporation authorized its president and manager to conduct and manage the business of the town of Harriman, and that the contract entered into with the respondent was within the scope and contemplation of such general management.

"When an officer or agent is intrusted with the general management of the business of a corporation, or a particular part of the business, he has apparent or implied authority to manage the same in the usual way, and for such purpose to bind the corporation by his acts and contracts on its behalf." 3 Clark & Marshall, Private Corporations, § 707.

It is not in harmony with any sound code of ethics, and is not the policy of the law, to permit a solvent corporation to obtain and appropriate the property of another on the credit of its solvency, and then escape responsibility by hiding behind some impecunious officer of such company. On all the disputed questions of fact in relation to the terms of the contract, and the amount of labor performed under such contract, we are not inclined to disturb the findings of the trial court. The judgment is affirmed.

CROW, FULLERTON, and HADLEY, JJ., concur.

MOUNT, C. J. and RUDKIN, J., took no part.

ROOT, J., dissents.